DWIGHT VAN HORN, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT, v. CITY OF TRENTON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT AND CROSS-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 6, 1978—Decided May 8, 1978.

Before Judges ALLCORN, MORGAN and HORN.

*Mr. Peter E. Markens* argued the cause for appellant and cross-respondent (*Mr. George T. Dougherty,* City Attorney, City of Trenton, attorney).

*Mr. Benjamin N. Cittadino* argued the cause for respondent and cross-appellant (*Messrs. Mason, Griffin & Pierson,* attorneys; *Mr. Richard M. Altman,* of counsel).

*Messrs. Zazzali, Zazzali & Whipple* filed an *amicus curiae* brief on behalf of New Jersey State Policemen's Benevolent Association.

PER CURIAM. Defendant City of Trenton appeals from summary judgment in favor of plaintiff, a Trenton police officer, awarding him counsel fees incurred for legal services rendered in connection with grand jury consideration of charges against him arising from an incident wherein he shot someone with his service revolver in self defense. No indictment was ever returned. Plaintiff cross-appeals.

The matter was tried on the following stipulated facts:

The plaintiff, Dwight Van Horn, at all times relevant to this action, was employed as a police officer by the City of Trenton. On March 21, 1976 while returning from duty to his home in Mercerville, New Jersey, he was "cut off and pursued" by a motor vehicle in Hamilton Township. As a result of a sequence of events plaintiff fired his police revolver in self defense hitting the driver of the other car. At that time plaintiff was dressed in full uniform except for

tie and cap. Subsequent to that incident, the Mercer County Prosecutor's Office instituted an investigation which culminated in Grand Jury proceedings, which Grand Jury concluded its investigation and found no basis for any criminal charges against the plaintiff. However, the plaintiff was required to retain counsel for the purpose of representing him during the investigation and incurred counsel fees and disbursements in the amount of $887.50. Plaintiff made demand upon the City of Trenton for payment of these counsel fees and disbursements and the City of Trenton refused to pay or reimburse the plaintiff.

The matter was argued to the trial judge on the issue of whether the above facts justify the conclusion that the threatened charges, on account of which the attorney was retained, arose out of or were incidental to the performance of his duties as a police officer, within the meaning of *N. J. S. A.* 40A:14–155 which reads as follows:

> Whenever a member or officer of a municipal police department or force is a defendant in any action or legal proceeding arising out of or incidental to the performance of his duties, the governing body of the municipality shall provide said member or officer with necessary means for the defense of such action or proceeding, but not for his defense in a disciplinary proceeding instituted against him by the municipality or in a criminal proceeding instituted as a result of a complaint on behalf of the municipality. If any such disciplinary or criminal proceeding instituted by or on complaint of the municipality shall be dismissed or finally determined in favor of the member or officer, he shall be reimbursed for the expense of his defense.

The trial judge concluded that, on the basis of the foregoing stipulated facts, the grand jury was considering conduct of plaintiff incidental to his duties as police officer, and rejecting Trenton's contentions that *N. J. S. A.* 40A:14–155 was unconstitutional as special legislation, granted plaintiff's motion for summary judgement. He rejected, however, plaintiff's claim for attorney's fees incident to the present appeal and it is with respect to this ruling that plaintiff cross-appeals.

During oral argument of this appeal, we questioned, on our own motion, whether plaintiff, by reason of the grand

jury's action in finding no basis for criminal charges against plaintiff, ever occupied the status of "a defendant in any action or legal proceeding," a status necessary to entitle him to "necessary means for the defense of such action or proceeding" in accordance with *N. J. S. A.* 40A:14-155. After considering the letter briefs submitted on this unraised and novel issue, we have concluded that plaintiff was never a "defendant in any action or legal proceeding," was therefore not entitled to "necessary means for [his] defense of such action or proceeding", and we reversed on that ground.

The fact of the matter is that, according to the stipulated facts, plaintiff was never charged with any criminal act against which he was required to defend. Although we have no quarrel with plaintiff's prudence in retaining counsel "for the purpose of representing him during the investigation" of the grand jury, we can only conclude that such services were rendered in order to avoid charges, not defend against charges which were made and hence were services for which he alone is liable. The statute is quite clear in its terms and we are not at liberty to expand this plain meaning in plaintiff's favor. Moreover, had plaintiff consulted Trenton in advance of retaining counsel, as he should have done (see *Edison Tp. v. Mezzacca,* 147 *N. J. Super.* 9, 14-15 (App. Div. 1977)), the city might well have provided him with representation during these preliminary proceedings at little cost to it.

Because we are reversing the judgment on this ground and remanding for entry of judgment in defendant's favor, it is unnecessary for us to consider the remaining issues on this appeal.

Reversed and remanded for further proceedings consistent with this opinion. No costs.